UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL ALVAREZ,

Plaintiff,

-against-

PARAGON SYSTEMS INC./SECURITAS SECURITY,

Defendant.

26-CV-5164 (JPO)

ORDER OF SERVICE

J. PAUL OETKEN, United States District Judge:

Plaintiff Daniel Alvarez, who is appearing *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, as well as under the New York State and New York City Human Rights Laws. He alleges that his employer, Defendant Paragon Systems Inc./Securitas Security, discriminated against him on the basis of his religion and thereafter retaliated against him for making a request for a reasonable accommodation. By order dated July 2, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the reasons set forth below, the Court directs service on Defendant.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that

a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Paragon Systems Inc./Securitas Security through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is instructed to issue a summons for Defendant, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: July 20, 2026
New York, New York

J. PAUL OETKEN
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

Paragon Systems Inc./Securitas Security
4330 Part Terrace Drive
Westlake, CA 91361